## ERNEST MONNER *v.* DEPARTMENT OF REVENUE

J. Ray Rhoten, Rhoten, Rhoten & Speerstra, Salem, Oregon, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Department of Revenue, Salem, Oregon, represented defendant.

Decision modifying order of defendant rendered November 4, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff is the owner of 18.72 acres of land located in Polk County in an area zoned for farm use. The county assessor assessed the land at market value instead of farm use value believing that the land did not meet the income requirements established by ORS

215.203. The plaintiff appealed to the Department of Revenue which granted a farm use classification for five acres and denied the classification for the remainder of the property.[①] The tax year involved is 1968-69.

The land, purchased by plaintiff in 1964, consists of three acres surrounding plaintiff's home, implement shed and barn; five acres of immature fruit trees with some Christmas trees interspersed among the fruit trees; an irrigation pond consisting of one acre; two to three acres of pasture; one acre of Christmas trees and six and a half acres of fallow or unused land.

The pasture has been used for grazing two riding horses. The six and a half acres of fallow land were rented in 1965 and 1966 to a neighbor for raising grain, but plaintiff's share of the income was less than $100 per year. Since 1966 the land has been unused and uncultivated except for some plowing and roto-tilling to control the weeds. Plaintiff testified that eventually he intended to plant trees on the six and a half acres; at the time of trial the land had not been planted to trees.

The Department of Revenue allowed the farm use classification to the five acres of fruit trees and denied a farm classification to the balance.

ORS 308.370 (1) provides for assessing land at its true cash value for farm use if it is located in a farm use zone and "used exclusively for farm use as defined in subsection (2) of ORS 215.203."

---

[①] The opinion and order of the Department of Revenue states that plaintiff's use of the land did not constitute a bona fide farming operation under ORS 308.380. However, ORS 308.380 does not apply because it refers to unzoned land, and plaintiff's land is within a farm use zone.

ORS 215.203(2)(a) defines farm use as "the current employment of land for the purpose of obtaining a profit in money." With certain exceptions the land is required to have produced a gross income of $500 per year for three of the five calendar years preceding the assessment day in question. Paragraph (c) of subsection (2) excepts from the income requirement certain lands including "land lying fallow for one year as a normal and regular requirement of good agricultural husbandry," and "land planted in orchards or other perennials prior to maturity for bearing crops."

■ The six and a half acres of fallow or unused land is not entitled to the special farm use assessment. As the land had been used to grow grain in 1965 and 1966 and was unused during 1967, it had been "fallow" for one year. However, the statute also requires that the land must have been lying fallow as a "normal and regular requirement of good agricultural husbandry." Undoubtedly the legislature contemplated the customary farming practice of leaving the land unplanted for one year and working it in order to destroy weeds, conserve moisture and restore the soil nutrients preparatory to raising a crop the following year. Plowing and rototilling the six and a half acres to destroy the weeds with the intention to plant a crop at some uncertain time is not the type of "agricultural husbandry" contemplated by the statute.

The question of whether land used to grow Christmas trees constitutes farm use within the meaning of ORS 215.203 has not been previously decided. The definition of farm use used in the statute includes lands devoted to horticultural use but the statute also states that lands "subject to the provisions of ORS chapter 321" are not considered as being used for farm use.

Chapter 321 of ORS relates to the taxation of timber within this state. Part of the chapter, ORS 321.255 to ORS 321.360, pertains to the taxation of land classified as reforestation lands. ORS 321.255, which defines the terms used in the reforestation statutes, states that the term "forest crop" includes Christmas trees. However, in order to be subject to the provisions of the reforestation statutes the property owner is required by ORS 321.270(2) to file a petition with the State Forester requesting the reforestation classification and receive the classification.

■ Plaintiff has not petitioned for a reforestation classification, consequently his Christmas tree land is not subject to the provisions of chapter 321.

Assuming, without deciding, that raising Christmas trees constitutes horticultural use of the land, the land has not produced any income for plaintiff and in order to receive a farm use classification it must fall within the exception for "land planted in orchards *or other perennials prior to maturity for bearing crops.*" (Emphasis supplied.)

It is difficult to understand what the legislature intended by the phrase "other perennials prior to maturity for bearing crops." It is common knowledge that orchards do not produce a marketable crop until they are several years old. However, with the possible exception of grapes, all other perennials which bear crops in the usual sense of the word will bear at least a small amount of produce the first year.

"Crops" has been defined as " 'that which is gathered from a single field, or a single kind of grain or fruit, for a single season; especially the valuable produce of what is planted in the earth; fruit; har-

vest.' " *Jackson & Perkins Co. v. Stanislaus Co. Bd. of Sup'rs,* 168 Cal App2d 559, 335 P2d 976 (1959).

■ In common and ordinary parlance the growing and harvesting of Christmas trees would not be the growing and harvesting of a perennial which bears crops.

It is concluded that Christmas trees are not within the provisions of ORS 215.203(2)(c), and plaintiff is not entitled to the farm use classification for this land.

The one-acre pond is used to irrigate plaintiff's orchard and is an integral part of the orchard. It falls within the exclusion mentioned in paragraph (c) of ORS 213.203(2) as land planted in orchards, and is entitled to the farm use classification.

The plaintiff's two acres of pasture have not produced a gross income of $500 for three of the past five calendar years preceding January 1, 1968, and the land is not within the exceptions mentioned in paragraph (c) of ORS 215.203(2). The plaintiff is not entitled to the special farm use classification for this land.

The order of the defendant Department of Revenue is affirmed as modified herein.